UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
DAYTON, OHIO

| | | |
|---|---|---|
| **JANE DOE** | : | CASE NO. _____ |
| c/o Kircher & Dame, LLC | : | |
| 4824 Socialville Foster Road | : | **JUDGE** |
| Mason, Ohio 45040 | : | |
| | : | |
|        Plaintiff, | : | **COMPLAINT; JURY DEMAND** |
| | : | **ENDORSED HEREON** |
| vs. | : | |
| | : | |
| **SPRINGFIELD-CLARK CAREER** | : | |
| **TECHNOLOGY CENTER** | : | |
| 1901 Selma Road | : | |
| Springfield, Ohio 45505 | : | |
| | : | |
| and | : | |
| | : | |
| **BRAD MOFFITT** | : | |
| 1901 Selma Road | : | |
| Springfield, Ohio 45505 | : | |
| | : | |
| and | : | |
| | : | |
| **JEFFREY SCOTT ROHRER** | : | |
| Inmate No.  A688152 | : | |
| Chillicothe Correctional | : | |
| Institution | : | |
| 15802 State Route 104 North | : | |
| P.O. Box 550 | : | |
| Chillicothe, Ohio 45601 | : | |
| | : | |
|        Defendants. | : | |

Now comes Plaintiff, by and through counsel, and for her Complaint states as follows:

**PARTIES**

1. Plaintiff is an 18-year-old female and former student of Defendant Springfield-Clark Career Technology Center. Plaintiff moves this Court to proceed under the pseudonym "Jane Doe," as she is the victim of childhood sexual abuse and publicity of her true identity will cause

1

further unwarranted trauma to her. Plaintiff's true identity is known to Defendants, or will be made known to them upon request to Plaintiff's counsel.

2. Defendant Springfield-Clark Career Technology Center (hereinafter "CTC") is a political subdivision of the State of Ohio which operates a public vocational high school in Clark County, Ohio.

3. Defendant, Brad Moffitt (hereinafter "Moffitt"), was the Superintendent of CTC in 2011 when he obtained the information and committed the acts and omissions stated elsewhere in this Complaint. Moffitt is being sued in both his individual and official capacities.

4. Defendant, Jeffrey Scott Rohrer (hereinafter "Rohrer"), is a former culinary arts teacher at CTC who is now serving a sentence in the Ohio prison system for the commission of sexual battery upon Plaintiff.

## JURISDICTION AND VENUE

5. Plaintiff incorporates her previous allegations as if fully rewritten herein.

6. This Court has jurisdiction over the federal claims in this case pursuant to 28 U.S.C. § 1331 and over the state claims pursuant to 28 U.S.C. § 1367(a). Venue in this Court is appropriate as the actions giving rise to Plaintiff's claims occurred in Clark County, Ohio, within this district, and CTC resides within the district.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff incorporates her previous allegations as if fully rewritten herein.

8. During the 2010–2011 school year, Rohrer was a young teacher in the culinary arts program of CTC.

9. A number of students during that school year complained about inappropriate conduct on the part of Rohrer, including but not limited to creation of an environment of sexual harassment, sexual grooming and sexual touching.

10. Moffitt oversaw an alleged investigation into the students' complaints.

11. Upon completion of the alleged investigation, Moffitt reviewed the more than a dozen allegations and unilaterally "tossed the ones that were obviously ludicrous or frivolous." He then reviewed the seven remaining accusations and found all of them to be "vague, exaggerated, or untrue."

12. But it wasn't enough for Moffitt to dismiss every complaint from multiple students. Moffitt went much further, engaging in amateur psychology, concluding that the students represented "a textbook case of Ringleader–Enforcer–Follower." He concluded that the Ringleader "set about the business of disrupting the life of a target (Rohrer) for some reason[,]" perhaps jealousy, vindictiveness, need for attention, or disrespect for authority.

13. Moffitt described Rohrer as "a rising star in the profession," lamenting, "I regret that he has had to endure this form of harassment."

14. Moffitt then informed the administrators, "I will be supportive of suspensions and recommendations for expulsion should these infections occur[,]" meaning more "false reports."

15. Moffitt did acknowledge that Rohrer "let his guard down." He supposedly recommended to Rohrer a "plan for professional growth," but neither he nor any other representative of CTC followed through with effective supervision of Rohrer.

16. The effect of Moffitt's conclusions, actions, omissions and threats, was: (a) to condone and facilitate an environment of sexual harassment and sexual grooming perpetrated by Rohrer upon his students; (b) to create a retaliatory and hostile environment preventing

concerned students from voicing their complaints and being heard; and (c) empowering and emboldening Rohrer to engage in even further offensive and abusive conduct.

17. During the following school year, Plaintiff was a 16-year-old junior in the culinary arts program who very much enjoyed culinary arts and strongly desired to pursue a career in the field.

18. Plaintiff expressed an interest in the competition team for the program, which was an after-school extracurricular activity.

19. Rohrer was one of two faculty members assigned to coach the competition team.

20. Rohrer selected Plaintiff for inclusion on the team and almost immediately began grooming Plaintiff for sexual abuse.

21. Plaintiff had not been warned of and was not aware of Rohrer's history of sexual harassment, sexual grooming and misconduct.

22. During this time period, Rohrer was being ineffectively supervised and monitored despite the prior complaints about his conduct with other students.

23. During the following school year, 2012–2013, Plaintiff was a 17-year-old senior. She continued her participation on the competition team for culinary arts coached by Rohrer.

24. Rohrer exploited the opportunities created by CTC and Moffitt and completed his grooming, sexual harassment and sexual abuse of Plaintiff, including approximately half a dozen instances of sexual intercourse on school grounds.

25. During the pattern of grooming and escalation of Rohrer's sexual aggressiveness, Plaintiff felt helpless to stop the advances for fear of retaliation by Rohrer or the school district.

26. CTC receives federal funding.

27. CTC is responsible for providing public education to minor students, including Plaintiff, through (a) oversight and supervision of all school functions, school property and school student programs; and (b) the hiring, supervision, management, assignment, control and regulation of individuals who serve as staff members, including but not limited to school teachers, as well as the review and supervision of curricula developed by the district, schools and teachers.

28. CTC is also responsible for all policies and procedures within the school. This charge and responsibility includes supervision and discipline of teachers and administrators including but not limited to Rohrer.

29. The sexual abuse of Plaintiff occurred while Plaintiff was under the control of Rohrer, in areas of the school to which Rohrer had access by virtue of his employment.

30. Moffitt and other members of the administration of CTC were mandated reporters of child abuse pursuant to Ohio law.

31. Despite knowledge of Rohrer's propensity to sexually harass, offend and intimidate students and knowledge of Rohrer's grooming of students for sexual abuse, CTC and Moffitt nevertheless: (a) permitted Rohrer to have unsupervised access to various rooms and areas of the school; (b) permitted Rohrer to have unsupervised contact with students after hours; (c) did not report the acts of Rohrer to law enforcement that constituted sexual harassment, sexual grooming and sexual abuse; (d) did not competently investigate the complaints of students about Rohrer's conduct; (e) did not warn and/or disclose to the students, including Plaintiff, the concerns about Rohrer; (f) failed to comply with the duties set forth in district policies and procedures and Ohio law and federal law; (g) concealed Rohrer's sexual harassment, sexual grooming and sexual abuse of students prior to Plaintiff's abuse; (h) were deliberately indifferent to the safety,

security and well-being of students at CTC, including but not limited to Plaintiff; (h) prevented students, including Plaintiff, from receiving an education without a condition of such education being sexual harassment, sexual grooming and sexual abuse; and (i) promoted school policies that fostered a climate to flourish where innocent students, including Plaintiff, were victims of sexual abuse.

**FIRST CAUSE OF ACTION**
(Title IX, 20 U.S.C. § 1681, *et seq.*)

32. Plaintiff incorporates her previous allegations as if fully rewritten herein.

33. Title IX of the Education Amendments of 1972 requires that "No person… shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…"

34. At least by 2011, CTC possessed actual notice that it could be liable under Title IX for teacher-on-student sexual harassment, sexual grooming, sexual discrimination and sexual abuse.

35. At least by 2011, CTC possessed actual knowledge of Rohrer's sexual harassment, sexual grooming, sexual discrimination and sexual abuse of students.

36. At least by 2011, CTC possessed actual knowledge that Rohrer had a high potential to sexually abuse female students.

37. Plaintiff in 2012-2013 was subjected to discrimination in her education at CTC based on her gender in that she suffered teacher-on-student sexual harassment, sexual grooming and sexual abuse as a condition of her receipt of an education at CTC.

38. CTC failed to take appropriate corrective action, thereby acting with deliberate indifference to the rights and safety of Plaintiff in one or more of the following ways: (a) failing to report teacher-on-student sexual harassment, sexual grooming and sexual abuse to appropriate

authorities; (b) failing to cure or even attempt to cure obvious and known risks to minor female students at CTC placed under Rohrer's supervision and authority; (c) failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify inappropriate conduct that occurred between any student and adult, whether generally or specifically in relation to Rohrer; (d) allowing Rohrer to have unsupervised contact with minor female students, including Plaintiff, without conducting, documenting and concluding a competent investigation into the allegations and specific facts brought to light prior to that time; and (e) allowing Rohrer to have unsupervised access to various rooms and areas at CTC.

39. The deliberate indifference, actions and omissions described above caused Plaintiff to suffer criminal sexual abuse by Rohrer in 2013.

40. Title IX requires CTC to provide educational opportunity on an equal basis to all students regardless of their gender.

41. CTC failed to comply with Title IX in that despite prior reports of misconduct, CTC continued to allow Rohrer unsupervised access to minor female students and access to certain rooms and areas where Rohrer had the privacy to carry out the sexual abuse of minor female students, including Plaintiff.

42. CTC failed to comply with Title IX in that it failed to ensure that the education provided to minor female students would be on an equal basis compared to the education provided by CTC to minor male students.

43. 20 U.S.C. § 1981 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 20 USC § 1981.

44. As a direct and proximate result of the conduct of CTC as described herein, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, posttraumatic stress disorder, fatigue, social anxiety, anger, panic attacks and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; and (e) lost wages.

## SECOND CAUSE OF ACTION
(42 U.S.C. § 1983 - Moffitt)

45. Plaintiff incorporates her previous allegations as if fully rewritten herein.

46. Prior to Plaintiff's abuse by Rohrer, Moffitt knew or reasonably should have known that Rohrer exhibited dangerous propensities and was a threat of harm to minor female students, including Plaintiff.

47. Moffitt was uniquely aware of Rohrer's propensity to commit acts of sexual harassment, sexual grooming, sexual abuse or misconduct against minor female students, including Plaintiff, making Rohrer's future misconduct and the harm that was likely to result from that future misconduct reasonably foreseeable to Moffitt.

48. Moffitt was uniquely aware that Rohrer had used CTC property to perpetrate acts of sexual harassment, sexual grooming, sexual abuse and/or misconduct against minor female students to which Rohrer had access by and through his employment with the school district.

49. Moffitt turned a blind eye to complaints of sexual harassment, sexual grooming, sexual abuse and misconduct, ignored complaints, failed to respond to allegations of misconduct, and acted with deliberate indifference to the rights of minor female students, including Plaintiff.

50. Plaintiff was deprived of her constitutional liberty and equal protection interests under the Fourteenth Amendment by Moffitt's creation and promotion of policies, customs, or

8

practices that fostered a climate to flourish where minor female students, including Plaintiff, were left vulnerable to and actually were subject to sexual abuse, sexual grooming and sexual harassment by Rohrer, an agent, servant and/or employee of CTC.

51. The conduct of Moffitt was arbitrary and offensive, shocking the conscience and interfering with minor female students', including Plaintiff's, rights and liberties granted by the Constitution and protected by law.

52. 42 U.S.C. § 1983 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 42 USC § 1983.

53. As a direct and proximate result of the conduct of Moffitt as described herein, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, posttraumatic stress disorder, fatigue, social anxiety, anger, panic attacks and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; and (e) lost wages.

54. The conduct of Moffitt constituted a violation of trust or confidence, showing complete indifference to or conscious disregard for the safety and well-being of Plaintiff and other minor female students.

55. Justice and the public good require an award of punitive or exemplary damages in such sum which will serve to punish Moffitt and to deter like conduct.

## **THIRD CAUSE OF ACTION**
(42 U.S.C. § 1983 - CTC)

56. Plaintiff incorporates her previous allegations as if fully rewritten herein.

57. CTC established, through both action and inaction, a widespread policy, practice or custom of allowing sexual harassment, sexual grooming, sexual abuse and misconduct to continue to occur without corrective action.

58. Such policy, practice or custom includes, but is not limited to: (a) failing to report teacher-on-student sexual harassment, sexual grooming and sexual abuse to appropriate authorities; (b) failing to cure or even attempt to cure obvious and known risks to minor female students at CTC placed under Rohrer's supervision and authority; (c) failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify inappropriate conduct that occurred between any student and adult, whether generally or specifically in relation to Rohrer; (d) allowing Rohrer to have unsupervised contact with minor female students, including Plaintiff, without conducting, documenting and concluding a competent investigation into the allegations and specific facts brought to light prior to that time; (e) allowing Rohrer to have unsupervised access to various rooms and areas at CTC while having absolutely no effective plan for supervision or surveillance of Rohrer.

59. CTC established such policy, practice or custom which fostered a climate facilitating sexual abuse of minor students by Rohrer and evidenced a reckless disregard and/or a deliberate indifference to the consequence that such action or inaction may, and did, have on minor female students at CTC, including Plaintiff.

60. CTC board members and administrators, and Moffitt in particular, had final policymaking authority of CTC and exercised that granted authority in making decisions that

perpetuated and/or allowed the sexual abuse of Plaintiff by Rohrer and caused Plaintiff's harm to occur and/or continue.

61. Plaintiff was deprived of her constitutional liberty interest and equal protection under the Fourteenth Amendment by CTC's creation and promotion of policies, customs, or practices that fostered a climate to flourish where minor female students, including Plaintiff, were left vulnerable to and actually were subject to sexual abuse by Rohrer, an agent, servant and/or employee of CTC.

62. CTC's conduct was arbitrary and offensive, shocking the conscience and interfering with minor female students', including Plaintiff's, rights and liberties granted by the Constitution and protected by law.

63. 42 U.S.C. § 1983 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 42 USC § 1983.

64. As a direct and proximate result of the conduct of CTC as described herein, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, posttraumatic stress disorder, fatigue, social anxiety, anger, panic attacks and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; and (e) lost wages.

65. The conduct of CTC constituted a violation of trust or confidence, showing complete indifference to or conscious disregard for the safety and well-being of Plaintiff and other minor female students.

66. Justice and the public good require an award of punitive or exemplary damages in such sum which will serve to punish CTC and to deter like conduct.

### FOURTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress – all Defendants)

67. Plaintiff incorporates her previous allegations as if fully rewritten herein.

68. The aforesaid conduct of all Defendants was outrageous.

69. As a direct and proximate result of Defendants' outrageous conduct, Plaintiff has suffered severe emotional distress as outlined above.

### FIFTH CAUSE OF ACTION
(Civil Assault and Battery - Rohrer)

70. Plaintiff incorporates her previous allegations as if fully rewritten herein.

71. Rohrer, without privilege to do so, committed assault and battery upon Plaintiff as described above.

72. As a direct and proximate result of Rohrer's assault and battery, Plaintiff has suffered the damages outlined above.

### SIXTH CAUSE OF ACTION
(Wanton or Reckless Conduct - Moffitt)

73. Plaintiff incorporates her previous allegations as if fully rewritten herein.

74. The conduct of Moffitt described above was wanton and reckless.

75. As a direct and proximate result of Moffitt's wanton or reckless conduct, Plaintiff has suffered the damages outlined above.

WHEREFORE, Plaintiff respectfully demands judgment against Defendants for compensatory damages in an amount to be determined by the jury, punitive damages, attorney fees, costs and all other relief to which she may be entitled.

Respectfully submitted,

/s/ Ryan J. McGraw
Konrad Kircher (0059249)
Ryan J. McGraw (0089436)
KIRCHER & DAME, LLC
4824 Socialville-Foster Road,
Suite 110
Mason, Ohio 45040
(513) 229-7996
(513) 229-7995 Facsimile
kkircher@kircherlawoffice.com
rmcgraw@kircherlawoffice.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands trial by a jury on all issues so triable.

/s/ Ryan J. McGraw
Ryan J. McGraw (0089436)